## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KENNEDY THOMPSON**                                      **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                    **NO. 15-339-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 8, 2018.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENNEDY THOMPSON**                                                      **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                                     **NO. 15-339-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application, and the petitioner has filed a response. *See* R. Docs 16-18. There is no need for oral argument or for an evidentiary hearing.

On or about May 26, 2015, the *pro se* petitioner, an inmate now confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and sentence, entered in 1985 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of second degree murder and one count of armed robbery.

### Procedural History

In May of 1985, the petitioner was found guilty of one count of second degree murder and one count of armed robbery. On September 19, 1985 was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence on the count of second degree murder. On the count of armed robbery, the petitioner was sentenced to ninety-nine years of imprisonment without of probation, parole or suspension of sentence to run concurrently with the sentence for second degree murder. The petitioner thereafter filed an appeal, and on May 28, 1986 his conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal. *See State v. Thompson*, 489 So.2d 1364

(La. App. 1 Cir. 1986). The petitioner sought further review in the state supreme court which was denied on October 3, 1986. *See State v. Thompson*, 494 So.2d 324 (La. 1986).

The petitioner then an application for post-conviction relief in 1990. Following the denial of his first PCR application, the petitioner filed an application for a writ of habeas corpus, then additional PCR applications in 2001, 2002, 2006, and 2010.

Finally, in November of 2012, the petitioner filed his sixth PCR application wherein he asserted a *Brady* violation due to the state's alleged suppression of autopsy reports authored by Drs. Frey and Guillory. The trial court dismissed the application as untimely. The petitioner sought further review in the state appellate courts which was denied on April 21, 2014 and February 27, 2015, respectively. *See State v. Thompson*, 14-1066 (La. 2/27/15), 160 So.3d 984. On or about May 26, 2015, the petitioner filed the present application. The state filed an opposition on August 20, 2015, asserting therein that this Court lacks jurisdiction to consider the plaintiff's motion because it is successive or alternatively, untimely.

## Applicable Law and Analysis

### Jurisdiction

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* If the instant petition is successive, this Court cannot consider it because, without an order from the Fifth Circuit, this Court lacks subject matter jurisdiction over the petitioner's successive application. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Pursuant to the Fifth Circuit's interpretation of 28 U.S.C. § 2244(b), a federal habeas corpus application filed after the filing of one or more previous applications is successive when it "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised

in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Sepulvado,* 707 F.3d 550, 553 (5th Cir.), *cert denied*, 134 S.Ct. 420 (2013), *quoting In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Dr. Paul A. McGary, the pathologist who performed the autopsy of the victim, testified at trial that the victim died of a head injury produced by a blow to the right side of the back of his head, which fractured his skull and damaged his brain. The petitioner asserts that the state suppressed additional "autopsy reports"[1] that stated differing causes of death (cardio pulmonary arrest and cardio respiratory arrest). Because this is the petitioner's second attempt at relief under § 2254, the petition should be transferred to the United States Court of Appeals for the Fifth Circuit to determine the petitioner's right to file a second or successive application.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petition be construed in part as a motion for authorization for the district court to consider the successive claims raised herein. It is further recommended that the petition be transferred to the United States Court of Appeals for the Fifth Circuit, under the authority of 28 U.S.C. § 1631, for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this district court. *See In re: Tony Epps,* 127 F.3d 364 (5th Cir.1997).

Signed in Baton Rouge, Louisiana, on February 8. 2018.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that the documents identified as "autopsy reports" do not appear to be such and are titled, "Report of Death Permission for Necropsy – Pathology Report." The section labeled "Provisional Major Necropsy Findings Report of Pathologist" is blank and one such form notes, "transfer to coroner's office for autopsy." As such, it appears that these documents were completed prior to the autopsy performed by Dr. McGary.